UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSICA GIBBS,

          Plaintiff,

      v.

BB OPCO LLC, et al.,

          Defendants.

Case No.  26-cv-02736-JSC

**ORDER RE: MOTION TO REMAND**

Re: Dkt. No. 12

Plaintiff sued BB OPCO LLC ("BB OPCO") and Pichinda Duong in state court for violating California employment laws, and BB OPCO removed to this Court.  (Dkt. No. 1.)[1]  Now pending before the Court is Plaintiff's motion to remand.  (Dkt. No. 12.)  Having carefully considered the parties' submissions, the Court GRANTS Plaintiff's motion and REMANDS this case to state court.  BB OPCO has not shown its second removal is not an improper successive removal or that this Court has subject matter jurisdiction.

**BACKGROUND**

On February 3, 2026, Plaintiff sued BB OPCO, her former employer, and Ms. Duong, her former supervisor, in Sonoma County Superior Court for violating California labor laws.  (Dkt. No. 1-1 at 14-39.)  Plaintiff alleges she and Ms. Duong are California residents, and BB OPCO is a limited liability company ("LLC") registered in California.  (*Id.* at 15.)

After it was served on February 24, 2026, (Dkt. No. 1-1 at 2), BB OPCO removed Plaintiff's case to this Court as Case No. 26-cv-01623-JSC.  (Case No. 26-cv-01623-JSC, Dkt. No.

---

[1] Record citations are to material in the Electronic Case File ("ECF") in Case No. 26-cv-02736-JSC, unless otherwise noted; pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1.)  BB OPCO asserted this Court had diversity subject matter jurisdiction because Plaintiff is a California citizen, BB OPCO's members are not California citizens,[2] and Ms. Duong's citizenship could be disregarded.  (*Id.* at 3-5.)  Specifically, BB OPCO did not dispute Ms. Duong is a California citizen but argued (1) "she has not been served as of the date and time of the filing of this Notice of Removal," and (2) her citizenship "should be disregarded because she is a 'sham defendant.'"  (*Id.* at 2.)

The Court ordered BB OPCO to show cause regarding both removal and subject matter jurisdiction.  (Case No. 26-cv-01623-JSC, Dkt. No. 5.)  First, the Court noted the "federal removal statute, 28 U.S.C. § 1446, 'requires all proper defendants to join or consent to the removal notice.'"  (*Id.* at 1 (quoting *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).)  But BB OPCO's "Notice of Removal [was] silent as to any efforts made to determine the status of service on Duong and so fail[ed] to adequately explain, as it must, 'the absence of any co-defendants in the notice of removal.'"  (*Id.* at 2 (quoting *Prize Frize*, 167 F.3d at 1266).)  Second, the Court noted BB OPCO's contention "'nothing indicates any actions by Duong outside of routine supervisory decisions'" did not "come close to meeting its burden" to show Ms. Duong is a sham defendant.  (*Id.* at 2 (quoting Case No. 26-cv-01623-JSC, Dkt. No. 1 at 5).)  *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (holding the citizenship of a non-diverse defendant can be disregarded only "if a defendant shows that an individual[] joined in the action cannot be liable on any theory" (quotation marks and citation omitted)).

In response, BB OPCO first declared it had contacted Ms. Duong prior to removing the case to confirm she had not been served and later learned she had been served two days after BB OPCO's Notice of Removal.  (Case No. 26-cv-01623-JSC, Dkt. No. 6-1 ¶¶ 3-4, Dkt. No. 6-2.)  So, the Court held "BB OPCO's declaration is sufficient to show proper removal" under 28 U.S.C. §

---

[2] Specifically, BB OPCO's only member is SPARC Group BB Holdings LLC, SPARC Group BB Holdings LLC's only member is SPARC Group Holdings LLC, and none of SPARC Group Holdings LLC's members are California citizens.  (Case No. 26-cv-01623-JSC, Dkt. No. 1 at 3.)

<div style="margin-left:auto">
</div>

1446, "assuming BB OPCO can secure Ms. Duong's consent within 30 days from service." (Case No. 26-cv-01623-JSC, Dkt. No. 7 at 2.) Regarding the Court's subject matter jurisdiction and whether Ms. Duong is a sham defendant, BB OPCO "withdr[ew] its position that Duong was fraudulently joined." (Case No. 26-cv-01623-JSC, Dkt. No. 6 at 3 n.2.) The Court therefore held "because BB OPCO has withdrawn its position Ms. Duong was fraudulently joined, and the Court in any event concludes she has not been fraudulently joined under the Ninth Circuit's binding precedent, Ms. Duong's citizenship must be considered in determining whether there is complete diversity." (Case No. 26-cv-01623-JSC, Dkt. No. 7 at 3.) And as BB OPCO did not dispute Plaintiff and Ms. Duong are both California citizens, the Court lacked diversity subject matter jurisdiction; so, on March 12, 2026, remanded the case to state court. (*Id.*)

On March 27, 2026, BB OPCO again removed Plaintiff's complaint based on diversity jurisdiction. (Dkt. No. 1, Dkt. No. 1-1 at 2, 14-39.) After Plaintiff moved to remand, (Dkt. No. 12), the case was related to Case No. 26-cv-01623-JSC and assigned to this Court. (Dkt. No. 20.)

**DISCUSSION**

**I.    MOTION TO REMAND**

In its renewed Notice of Removal, BB OPCO relies on the Court's prior statement "'BB OPCO's declaration is sufficient to show proper removal, assuming BB OPCO can secure Ms. Duong's consent within 30 days from service.'" (Dkt. No. 1 at 3 (quoting Case No. 26-cv-01623-JSC, Dkt. No. 7 at 2).) So, BB OPCO declares "[o]n March 27, 2026, Duong confirmed her consent to remove this action." (Dkt. No. 1-1 at 3.) BB OPCO therefore may have met 28 U.S.C. § 1446's requirement "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

However, Plaintiff argues for remand because BB OPCO's Notice of Removal represents an improper successive removal, and BB OPCO has not shown this Court has subject matter jurisdiction.

**A.    Successive Removal**

"In general, a party may not file a successive notice of removal on the same grounds where the district court has previously remanded the action." *Wright v. Menzies Aviation, Inc.*, No. CV

15-05874-RGK (JEMx), 2015 WL 6039238, at *2 (C.D. Cal. Oct. 13, 2015) (citing *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (explaining "a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction")). Instead, "[a] successive removal petition is permitted only upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)). "[S]uch changes in circumstances [include], for example, when an intervening change of law gives rise to a new basis for subject-matter jurisdiction . . . [or] when the pleadings are amended to create federal subject-matter jurisdiction for the first time." *Id.* (citations omitted).

But "where a defendant attempts to remove an action for a second time after conducting its own investigation of the facts, that investigation 'must be based on newly discovered facts not available at the time of the first removal.'" *Lockhart v. Columbia Sportswear Co.*, No. 5:15-CV-02634-ODW (PLAx), 2016 WL 2743481, at *2 (C.D. Cal. May 11, 2016) (quoting *Andersen v. Schwan Food Co.*, No. EDCV 13-02208 JGB, 2014 WL 1266785, at *4-5 (C.D. Cal. Mar. 26, 2014)). So, "consistent with a public policy that 'guards against premature and protective removals and minimizes the potential for a cottage industry of removal litigation,' successive removals must be based on new information." *Sweet v. United Parcel Serv., Inc.*, No. CV09-02653 DDP (RZx), 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). Ultimately, "[s]uccessive removals are [] improper absent a showing that the posture of the case has so changed that it is substantially a new case." *Wright*, 2015 WL 6039238, at *2 (cleaned up); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (citations omitted)).

BB OPCO has not shown any "relevant change in circumstances . . reveal[s] a new and different ground for removal." *See Reyes*, 781 F.3d at 1188 (cleaned up). To the contrary, both of BB OPCO's Notices of Removals asserted the Court's subject matter jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1-1 at 6; Dkt. No. 1 at 2.) But while BB OPCO's first Notice of Removal

asserted the Court had had diversity subject matter jurisdiction because Ms. Duong was a sham defendant whose citizenship could be disregarded, (Dkt. No. 1-1 at 6), BB OPCO's renewed Notice of Removal merely asserts jurisdiction under 28 U.S.C. § 1332(a) without further explanation, (Dkt. No. 1 at 2).  So, BB OPCO's renewed Notice of Removal does not show any new or different ground for removal.

In opposing Plaintiff's motion to remand, BB OPCO presents new evidence Ms. Duong lives in California but is a citizen of Thailand rather than the United States.  (Dkt. No. 17 at 4; 17-2 ¶ 2.)  BB OPCO argues this new evidence serves as a "'subsequent event[]' revealing new and different grounds for removal" under 28 U.S.C. § 1332(a)(3) such that its renewed removal is not an improper successive removal.  (Dkt. No. 17 at 4-5 (quoting *Kirkbride*, 933 F.2d at 729).)  But rather than present any evidence indicating Ms. Duong's citizenship status was "not available at the time of [its] first removal," BB OPCO merely claims it "subsequent[ly] . . . discovered" that fact.  (Dkt. No. 17 at 2.)  *See Lockhart*, 2016 WL 2743481, at *2 ("[W]here a defendant attempts to remove an action for a second time after conducting its own investigation of the facts, that investigation 'must be based on newly discovered facts not available at the time of the first removal.'" (citation omitted)); *see, e.g.*, *id.* at *3 (allowing removal after deposition testimony revealed for the first time information supporting jurisdiction under the Class Action Fairness Act); *Andersen*, 2014 WL 1266785, at *5 (rejecting successive removal based on evidence of damages available to the defendants at the time of their first removal, but which the defendants did not investigate until after the first remand).  Because BB OPCO has not shown its renewed removal is based on previously unavailable facts, BB OPCO has not shown any "relevant change of circumstances" or "subsequent pleading[] or event[]" justifies its successive removal.  *See Reyes*, 781 F.3d at 1188.

Given BB OPCO's failure to show any relevant change of circumstances, its renewed Notice of Removal is also untimely.  Under 28 U.S.C. § 1446(b), after receiving either the initial pleading or "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable," a defendant has 30 days to file a notice of removal.  *See* 28 U.S.C. § 1446(b)(1), (3).  But BB OPCO was served on February 24,

United States District Court
Northern District of California

2026 but did not file the renewed Notice of Removal until March 27, 2026, 31 days after receiving Plaintiff's complaint. (Dkt. No. 1 ¶ 2.) BB OPCO's argument its initial Notice of Removal was timely is irrelevant. (*Id.* ¶ 12.)

So, the Court grants Plaintiff's motion to remand because BB OPCO has not shown its successive removal is not improper or not untimely.

### B.    Diversity Subject Matter Jurisdiction

Furthermore, as the Court explained when remanding Case No. 26-cv-01623-JSC, a removing defendant must also establish federal subject matter jurisdiction. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). And a case removed to federal court must be remanded to state court "if there is any doubt as to the right of removal in the first instance." *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (quotation marks and citation omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) (explaining a district court should remand if there are doubts regarding its subject matter jurisdiction).

Without further explanation, BB OPCO's Notice of Removal asserts diversity subject matter jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity of citizenship and an amount in controversy exceeding $75,000. (Dkt. No. 1 at 2.) *See* 28 U.S.C. § 1332(a). BB OPCO does not reprise its withdrawn argument Ms. Duong is fraudulently joined. *Cf. Grancare*, 889 F.3d at 548 ("In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." (citation omitted)). Instead, BB OPCO's renewed Notice of Removal is silent as to how there is diversity jurisdiction even though its initial Notice of Removal—upon which its renewed Notice of Removal relies to show removal is timely—assumed she was a California citizen but fraudulently joined. (Dkt. No. 1-1 at 8.)

As explained above, in opposing Plaintiff's motion to remand, BB OPCO contends for the first time "[a]lthough Duong lives in California, she is not a United States citizen," and Ms. Doung declares she is instead "a citizen of Thailand." (Dkt. No. 17 at 4; Dkt. No. 17-2 ¶ 2.) BB OPCO therefore argues the Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. §

1332(a)(3), which provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties.

28 U.S.C. § 1332(a)(3). And based on Ms. Duong's declaration she is a citizen of Thailand, she is a "citizen[] or subject[] of a foreign state." 28 U.S.C. § 1332(a)(3).

To demonstrate complete diversity for "citizens of different States," 28 U.S.C. § 1332(a)(1), "a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citations omitted). So, although Ms. Duong may be domiciled in California, she is not a citizen of that State because she is not a United States citizen. Furthermore, unlike section 1332(a)(2), which creates an exception for "citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State," 28 U.S.C. § 1332(a)(2), "Section 1332(a)(3) does not deprive federal courts of jurisdiction over cases involving foreign citizens who are domiciled in the United States." *See Big3 LLC v. Al-Rumaihi*, No. CV 18-3466-DMG (SKx), 2018 WL 11470406, at *3 (C.D. Cal. Nov. 29, 2018).

Plaintiff's unsupported argument Ms. Duong is a defendant and therefore not an "additional part[y]" is also unavailing. *See* 28 U.S.C. § 1332(a)(3). The Supreme Court has specifically described 28 U.S.C. § 1332(a)(3) as "confer[ring] jurisdiction in the District Court when a citizen of one State sues both aliens and citizens of a State (or States) different from the plaintiff's." *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *cf. Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056 (9th Cir. 2016) (assuming a defendant could qualify a foreign citizen under 1332(a)(3) but holding the defendant was instead stateless because she was a U.S. citizen domiciled in Macau). So, BB OPCO has shown Ms. Duong is an additional party and citizen of a foreign state.

However, section 1332(a)(3) "confer[s] jurisdiction . . . only if there are also diverse U.S. citizens on both sides." *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 158 (2024); *see also* 28 U.S.C § 1332(a)(3) (providing for

United States District Court
Northern District of California

7

jurisdiction in cases between "***citizens of different States*** and in which citizens or subjects of a foreign state are additional parties" (emphasis added)).  And as an LLC, BB OPCO "is a citizen of every state in which its owners/members are citizens, not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quotation marks and citation omitted).  But regarding its citizenship, BB OPCO only states:

> At the time of filing this action, and at the time of this removal, Defendant BB OPCO was and is a Delaware Limited Liability Company. The only member of Defendant BB OPCO is SPARC GROUP BB HOLDINGS LLC. SPARC GROUP BB HOLDINGS LLC is a Delaware Limited Liability Company. The only member of SPARC BB GROUP BB HOLDINGS LLC is SPARC GROUP HOLDINGS LLC. SPARC GROUP HOLDINGS LLC is a Delaware Limited Liability Company. None of the members of SPARC Group Holdings LLC are citizens of California.

(Dkt. No. 17-1 at 23; *see also* Dkt. No. 17 at 4 ("BB OPCO is not a citizen of California." (citing Dkt. No. 17-1 at 4)).)  So, while BB OPCO presents evidence it is not a citizen of California, it does not show it is a citizen of any U.S. state as it does not allege the citizenship of the members of SPARC Group Holdings LLC, other than that they are not California citizens.  BB OPCO has therefore not met its burden to show subject matter jurisdiction under section 1332(a)(3).

And although BB OPCO argues its new evidence of Ms. Duong's citizenship in opposition to Plaintiff's motion to remand can be treated "as an amendment to its notice of removal," *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969); 28 U.S.C. § 1653), BB OPCO does not provide further explanation regarding its own citizenship.

## II.    REQUEST FOR FEES AND COSTS

Plaintiff also seeks an award of $5,400 in attorneys' fees, costs, and expenses "incurred as a result of defending against Defendants' objectively unreasonable re-removal."  (Dkt. No. 12 at 2; *see also* Dkt. No. 12-1 ¶¶ 7-10 (explaining fees incurred).)  District courts have discretion following an order remanding a removed case to state court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  But "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."

*Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Martin*, 546 U.S. at 140.

However, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quotation marks and citation omitted).  The party requesting fees also bears "the burden of submitting billing records to establish that the number of hours" requested are reasonable.  *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).  Here, in support of its request for attorney's fees, Plaintiff's counsel declares its $450 hourly "rate is commensurate with the experience, skill, and the prevailing market rates for attorneys of comparable background handling similar plaintiff-side employment matters in this venue." (Dkt. No. 12-1 ¶ 7.)  And regarding hours, Plaintiff's counsel explains it "has reasonably expended 7.0 hours to date" and "anticipate[s] expending an additional 5.0 hours to bring this Motion to completion." (*Id.* ¶¶ 8-9.)  Plaintiff does not, however, present further evidence its rates are reasonable or billing records establishing a reasonable number of hours expended.

So, regardless of whether BB OPCO's removal was reasonable, Plaintiff has not met its burden of showing its request for $5,400 in attorney's fees is reasonable.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's motion to remand.  The Court again REMANDS this case to the Superior Court of the State of California for the County of Sonoma.  The Court further orders that the court file in this case be transferred by the clerk of this Court to the clerk of the State Court, along with a certified copy of this Order of Remand.  The State Court may thereupon proceed with this case.

United States District Court
Northern District of California

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: June 24, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

10